UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE I. VELAZQUEZ,

                Plaintiff,

        v.

STATE OF NEW YORK, *et al.*,

                Defendants.

No. 18-CV-8800 (KMK)

AMENDED ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff, currently paroled under the supervision of Willow Men's Shelter, brings this pro se Action under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights. By Order dated October 23, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1] (Dkt. No. 5.) Plaintiff originally named the State of New York, Kathleen G. Gerbing ("Gerbing"), Anthony Annucci ("Annucci"), Tina M. Stanford ("Stanford"), Steven Banks ("Banks"), Barbara Lao ("Lao"), Lindsy Osouna ("Osouna"), and Clarence Neely ("Neely") as Defendants. (*See* Compl. (Dkt. No. 2).) By Order dated October 25, 2018, the Court dismissed Plaintiffs claims against the State of New York and directed service on the remaining Defendants. (Dkt. No. 7.) Gerbing, Stanford, Banks, Lao, Osouna, and Neely were served from December 2018 to March 2019. (Dkt. Nos. 11–13, 16, 25–26.) Counsel filed a Notice of Appearance on behalf of Annucci on September 24, 2019. (Dkt. No. 56.) Annucci is not named in Plaintiff's First Amended Complaint. (*See* First Am. Compl. ("FAC") (Dkt. No. 70).)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

On May 29, 2020, Plaintiff filed his First Amended Complaint, naming as additional Defendant Marlene Brooks. (*See id.*) On June 16, 2020, Defendants noted in their Letter to the Court that Marlene Brooks has not yet been served. (Letter from Jonathan Wilson, Esq. to Court (June 16, 2020) (Dkt. No. 74).)

## I.  Discussion

### A.  Service on Defendant

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Marlene Brooks through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 Form") for this Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

### B. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Complaint, Defendant Brooks must serve responses to these standard discovery requests. In their responses, Defendant Brooks must quote each request verbatim.[2]

## II. Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 Forms with the address for Marlene Brooks and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this Action.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 23, 2020
        White Plains, New York

                                          KENNETH M. KARAS
                                          United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1.     Marlene Brooks
     Senior Offender Rehabilitation Coordinator
     Otisville Correctional Facility
     57 Sanitorium Road, P.O. Box 8
     Otisville, NY 10963-0008