UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE I. VELAZQUEZ,

                                        Plaintiff,                          No. 18-CV-8800 (KMK)

        v.                                                                  OPINION & ORDER

KATHLEEN G. GERBING, *et al.*,

                                        Defendants.

Appearances

Jose I. Velazquez
Bronx, NY
*Pro Se Plaintiff*

Jonathan James Wilson, Esq.
Maria Barous Hartofilis, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Jose I. Velazquez ("Plaintiff"), proceeding pro se, brings this Action under 42 U.S.C.

§ 1983 against Kathleen G. Gerbing ("Gerbing"), Anthony Annucci ("Annucci"), Tina M.

Stanford ("Stanford"), Steven Banks ("Banks"), Barbara Lao ("Lao"), Lindsy Osouna

("Osouna"), Clarence Neely ("Neely"), and Marlene Brooks ("Brooks"; collectively,

"Defendants").  (*See* First Am. Compl. ("FAC") (Dkt. No. 70).)  Plaintiff alleges that Defendants

violated his constitutional rights.  (*Id.*)  Before the Court is Lao's Motion To Dismiss (the "Lao

Motion"), (Not. of Mot. ("Lao Mot.") (Dkt. No. 77)), and Brooks's Motion To Dismiss (the

"Brooks Motion"), (Not. of Mot. ("Brooks Mot.") (Dkt. No. 90)), both pursuant to Rule 12(b)(1)

and 12(b)(6).  For the reasons that follow, both Motions are granted in part and denied in part.

<u>I.  Background</u>

<u>A.  Factual Background</u>

The Court summarized Plaintiff's allegations in its February 14, 2020 Opinion & Order ("2020 Opinion").  (Op. & Order ("2020 Op.") (Dkt. No. 66).)  Thus, the Court assumes familiarity with the 2020 Opinion, and describes only the new facts alleged since it was issued. For purposes of the instant Motions, the Court assumes that the alleged facts are true.

These facts fall into two categories.  The first category concerns an improper refusal to release Plaintiff on parole.  These claims are in the FAC.  (*See* FAC.)  They resemble those in Plaintiff's Complaint, (*see* Compl. (Dkt. No. 2)), with three differences.  First, while the FAC, like the Initial Complaint, alleges that Plaintiff was detained "two months past his Conditional Release date," (FAC ¶ 2), the FAC requests that he be paroled to the home of his sister Luz E. Velazquez ("Ms. Velazquez"), (*id*. ¶ 23), rather than the Faith Mission Crisis Center, (Compl. ¶ 5).  Second, the FAC names only Lao and Brooks as defendants.  (FAC.)  Regarding Lao, the FAC alleges that she, "as [Plaintiff's] counselor . . . is in charge of preparing records and documents for parole hearings, appearances, and release plans," and "is personally responsible for submitting addresses to [Plaintiff's] parole field officers prior to his release date."  (*Id*. ¶ 18.) The FAC further alleges that Lao "never considered" Ms. Velazquez's address.  (*Id*. ¶ 23.) Regarding Brooks, the FAC alleges that she "has the statutory and regulatory authority over the facility's Offender Rehabilitation Coordinators [such as Lao] who determine[] what re-entry programs or to what residences and to what family members prisoners may go . . . after being granted parole release."  (*Id*. ¶ 19.)  The FAC contains no allegations regarding Gerbing, Annucci, Stanford, Banks, Osouna, or Neely.  (*Compare* FAC *with* Compl.)  Third, the FAC

makes a new Equal Protection claim. (FAC ¶ 15.)[1] Specifically, the FAC alleges that another inmate's parole officer considered the inmate's family members in public housing as a potential parole address. (*Id.*) Here, by contrast, Plaintiff's request to reside with Ms. Velazquez was denied "on [an] unsupported basis," because the only rationale provided was that "the same is public housing." (*Id.* ¶ 14.)

The second category of alleged facts concerns unlawful parole conditions. These claims are not included in the FAC, but were submitted in Plaintiff's letters and briefs. (*See* Letter from Plaintiff to Court (May 4, 2020) ("May Letter") (Dkt. No. 71); Letter from Plaintiff to Court (Aug. 24, 2020) ("Aug. Letter") (Dkt. No. 81); Letter from Plaintiff to Court (Sept. 23, 2020) ("Sept. Letter") (Dkt. No. 84); Pl.'s Mot. Request in Further Opp'n to Defs.' Mot. ("Pl.'s Mem.") (Dkt. No. 87); Pl.'s Sur-Reply Mem. of Law in Further Supp. of FAC in Further Opp'n to Defs.' Mot. ("Pl.'s Sur-Reply") (Dkt. No. 93).) They resemble those in Plaintiff's Proposed Addendum to his initial Complaint. (*See* Dkt. No. 22-1.) In these submissions, Plaintiff alleges that parole conditions limiting his "right to visit his grandchildren and the use of a computer and cellphone" are unconstitutional. (May Letter.)[2] Regarding his grandchildren, Plaintiff alleges that his daughter and her husband wish Plaintiff to be present around their children and consider his presence "to be in their children's best interest." (*Id.*) Regarding his use of technology, Plaintiff alleges that his employment prospects are limited because he may not have a computer or a cell phone, or access social networking websites. (*Id.*) Plaintiff alleges that he must access social media networks for job interviews, doctor appointments, graduations, and apartment hunting,

---

[1] Here the Court refers to the first of the two paragraphs numbered 15.

[2] Plaintiff submitted his full parole conditions. (*See* Sept. Letter 3–10.) In describing the September Letter, the Court refers to the ECF-generated page numbers in the upper right-hand corner.

particularly during the COVID-19 pandemic.  (Aug. Letter 1.)[3]  He further alleges that parole

officers are "very strict" and deny all requests for permission to use the internet and social media

outlets unless a parolee "produce[s] a court generated document that would permit [such] use."

(*Id*. at 6.)  Even with the permission of his parole officer, Plaintiff can under no circumstance

possess a video- or photo-capable cell phone, which prevents him from conducting "day to day

business."  (Sept. Letter 1; *see also id*. at 6.)  Plaintiff alleges that denying such access violates

his First Amendment rights, in part because Plaintiff's offense did not involve computers or

telephone devices and, thus, the parole conditions are not crime-specific.  (Aug. Letter 6; Pl.'s

Mem. 6.)  Plaintiff's parole officer is non-party Lewis Robinson.  (Aug. Letter 5.)  Plaintiff

alleges that Brooks has a "[s]upervising position" over "Parole Officers with the authority to

impose parole conditions and restrictions [on] potential parolees."  (Pl.'s Sur-Reply 2.)[4]

    B.  Procedural History

       Again, the Court describes the procedural history only since the 2020 Opinion was

issued.  The 2020 Opinion gave Plaintiff thirty days to submit an amended complaint.  (2020 Op.

24–25.)  On March 3, 2020, Plaintiff wrote a letter requesting (1) reconsideration, and (2) more

time to file his amended complaint.  (Dkt. No. 67.)  On March 19, 2020, the Court denied

Plaintiff's request for reconsideration, and ordered him to file an amended complaint by April

20, 2020.  (Dkt. No. 68.)  On May 20, 2020, the Court issued an Order to Show Cause why the

Action should not be dismissed for failure to prosecute.  (Dkt. No. 69.)  On May 29, 2020, the

Court received the FAC, which is dated April 16, 2020.  (FAC.)

---

      [3] In describing the August Letter, the Court refers to the ECF-generated page numbers in the upper right-hand corner.

      [4] In describing Plaintiff's Sur-Reply, the Court refers to the ECF-generated page numbers in the upper right-hand corner.

On June 2, 2020, the Court received a letter from Plaintiff dated May 4, 2020.  (May Letter.)  The May Letter stated that Plaintiff "ha[d] been finally approved by parole for his release," and that "his release date is scheduled [for] May 6, 2020."  (*Id*.)  Regarding the FAC, the May Letter further stated that Plaintiff's request to be released to Ms. Velazquez's home was "moot at this time," due to his release.  (*Id*.)

On June 16, 2020, Defendants wrote a letter requesting a pre-motion conference or, alternatively, a briefing schedule for their proposed motion to dismiss.  (Dkt. No. 74.)  This letter noted that Brooks had not yet been served.  (*Id*.)  On June 17, 2020, the Court set a briefing schedule.  (Dkt. No. 75.)  Defendants filed the Lao Motion on August 14, 2020.  (Lao Mot.; Def.'s Mem. of Law in Supp. of Lao Mot. ("Lao Mem.") (Dkt. No. 78).)  The memorandum in support of the Lao Motion states that, if Brooks were to be served, she may request to join the Lao Motion.  (*Id*. at 1.)

On September 14, 2020, the Court received a letter from Plaintiff dated August 24, 2020. (Aug. Letter.)  This letter contained a "request for permission to file . . . an Amended Complaint [related to] the First Amendment violations as asserted [i]n Plaintiff's original complaint addendum."  (*Id*. at 3.)  The Court indicated that it would consider this letter in adjudicating the Lao Motion.  (*See* Dkt. No. 82.)  Plaintiff further opposed the Lao Motion on October 20, 2020. (Pl.'s Mem.)  Plaintiff's memorandum states that "the issues raised by Plaintiff in his original complaint[,] . . . as asserted previously[,] are currently moot."  (*Id*. at 3.)

On September 23, 2020, the Court ordered service of Brooks, (Dkt. No. 83), and she was served via mail on September 30, 2020, (Dkt. No. 86).  Counsel appeared on behalf of Brooks on November 6, 2020.  (Dkt. No. 89.)  On the same date, Counsel filed the Brooks Motion.  (Brooks Mot.; Reply Mem. in Further Supp. of Lao Mot. and Brooks' Mem. of Law in Supp. of Brooks

Mot. ("Brooks Mem.") (Dkt. No. 91).)  On November 30, 2020, the Court received Plaintiff's

Sur-Reply, dated November 12, 2020.  (Pl.'s Sur-Reply.)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement."  *Id.*  (alteration and quotation

marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to

relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations

in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to

relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims

across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also*

*Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will

. . . be a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense.  But where the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that

the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed.

6

R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Defendants' Motion To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [FAC]." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (citation omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). However, when the complaint is drafted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at

7

*4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), "his opposition memorandum," *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997), and "documents either in [the] plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

    B.  Analysis

In support of her motion, Lao argues that Plaintiff's request for release is moot and barred by *Heck v. Humphrey*, (Lao Mem. 4–6), that the FAC fails to state a Fourteenth Amendment claim, (*id*. at 6–7), that the Court should deny Plaintiff's request to revisit his parole conditions, (*id*. at 7–8), that Plaintiff does not allege Lao's personal involvement with his parole conditions, (*id*. at 8), and that Plaintiff's claims should be dismissed with prejudice, (*id*.). In support of her motion, Brooks argues that she should be allowed to join the Lao Motion "as a similarly situated co-defendant," and that the FAC should be dismissed with regard to her "for all of the same reasons it should be dismissed" with regard to Lao. (Brooks Mem. 4–5.) The Court considers separately Plaintiff's claims regarding Defendants' failure to release him on parole, and Plaintiff's claims regarding his unconstitutional parole conditions.

    1.  Failure to Release on Parole

It is evident from Plaintiff's letters and briefs that he intends to abandon his claim that Defendants improperly refused to release him on parole. In two separate submissions, Plaintiff refers to these claims as "moot," now that he has been paroled. (*See* May Letter; Pl.'s Mem. 3.) Further, throughout his post-release filings, Plaintiff vigorously maintains that his parole

conditions are unconstitutional, but makes no attempt to rebut Defendants' attack of the FAC. (*See generally* May Letter; Aug. Letter; Sept. Letter; Pl.'s Mem.; and Pl.'s Sur-Reply.)  Notably, Plaintiff has not received the identical relief sought in the FAC.  The FAC requests that Plaintiff be released to Ms. Velazquez's home.  (FAC 7.)[5]  Plaintiff has instead been released to a shelter and then to a hotel.  (Aug. Letter 5.)  However, Plaintiff's filings after his release underscore that he proposed Ms. Velazquez's home "as an alternative," and that his ultimate request was for "release after being granted parole."  (FAC ¶¶ 17, 23.)  As a result, the Court finds that Plaintiff's request to be released on parole is moot, because he has received his sought-after relief.  *Cf. McCormick v. Annucci*, No. 17-CV-948, 2020 WL 1935608, at *4 (N.D.N.Y. Apr. 22, 2020) (dismissing habeas petition as moot where the petitioner "challenges only the validity of his incarceration, and the sole remedy he seeks—earlier release—is no longer needed or available" (footnote omitted)).  Thus, Plaintiff's claims regarding Defendants' refusal to release him on parole are dismissed as moot.

In the alternative, Plaintiff's FAC does not cure the defects identified in the 2020 Opinion, including that Plaintiff fails to allege Defendants' personal involvement in his continued detention, (2020 Op. 13–16), and seeks a remedy that would necessarily imply the invalidity of his conviction, (*id*. at 16–19).  "The mere filing of an Amended Complaint does not entitle Plaintiff to relitigate his claims absent new factual allegations.  Because the Amended Complaint . . . is in large part identical to Plaintiff['s] first Complaint, the law of the case doctrine counsels against reconsideration of the Court's . . . dismissal of the first Complaint." *Weslowksi v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015), *aff'd*, 626 F. App'x 20 (2d Cir.

---

[5] Here, the Court refers to the ECF-generated page number in the upper right-hand corner of the FAC.

2015).  Accordingly, Plaintiff's claims regarding Defendants' refusal to release him on parole are also properly dismissed for the same reasons they were dismissed in the 2020 Opinion, pursuant to the law of the case doctrine.  *See Perkins v. Perez*, No. 17-CV-1341, 2020 WL 248686, at *4–5 (S.D.N.Y. Jan. 16, 2020) (applying the law-of-the-case doctrine to dismiss portions of a pro se complaint where the two pleadings at issue were "substantially identical"); *Mateo v. Dawn*, No. 14-CV-2620, 2016 WL 5478431, at *4 (S.D.N.Y. Sept. 28, 2016) (same); *Guttilla v. City of N.Y.*, No. 14-CV-156, 2016 WL 1255737, at *3 (S.D.N.Y. Mar. 29, 2016) (same).

These claims are dismissed with prejudice.  Even pro se plaintiffs are not entitled to amend a complaint if the complaint "contains substantive problems such that an amended pleading would be futile."  *Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan 3, 2012).  Here, "Plaintiff has already had two bites at the apple, and they have proven fruitless."  *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (citation and alterations omitted); *see also Al-Qadaffi v. Servs. for the Underserved*, No. 13-CV-8193, 2015 WL 585801, at *8 (S.D.N.Y. Jan. 30, 2015) (denying leave to amend where the plaintiff "has already had one chance to amend his [c]omplaint, and there is still no indication that a valid claim might be stated if given a second chance"), *aff'd*, 632 F. App'x 31 (2d Cir. 2016).  The Court finds that further amendment on Plaintiff's failure to release claims would be futile.

### 2.  Unconstitutional Parole Conditions

Initially, the Court treats Plaintiff's filings regarding his parole conditions as if they were attached to the FAC.  (*Cf.* 2020 Op. 11–12.)  It does so for three reasons.  First, the claims in these filings are not inconsistent with the FAC.  *See Alsaifullah*, 2013 WL 3972514, at *4 n.3.  Second, Plaintiff was paroled after submitting the FAC.  (*See* May Letter.)  Consistent with the

2020 Opinion, his claims were not ripe until he was paroled.  (*See* 2020 Op. 22–24.)  Because Plaintiff was not granted leave to amend the FAC, apart from filing a separate lawsuit, he had no other way of raising these claims.  Third, such treatment is consistent with the Second Circuit's guidance that pro se submissions be "construed liberally."  *Sykes*, 723 F.3d at 403.  (*See also* Pl.'s Mem. 3.)

The Court finds, however, that Plaintiff does not adequately allege that Lao and Brooks are personally involved with his parole conditions.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  In other words, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official."  *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).  Prior to *Tangreti*, the Second Circuit held that the following could establish a defendant's personal involvement:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (italics omitted).  However, in *Tangreti* the Second Circuit rejected "a special test for supervisory liability."  983 F.3d at 620. The Court need not address the significance of *Tangreti* here, because Plaintiff fails to meet even the standard described in *Grullon*.

Defendants argue that "the [F]AC contains no allegations that [they are] responsible for imposing or administering the conditions of Plaintiff's parole."  (Lao Mem. 8; *see also* Brooks

11

Mem. 5 ("[T]he [F]AC should be dismissed in its entirety with regard to . . . Brooks for all of the same reasons it should be dismissed against . . . Lao.").)  Plaintiff mentions Lao only in the FAC, and not in his subsequent submissions.  (*See* FAC ¶¶ 5, 6, 18.)  The FAC does not raise claims regarding parole conditions.  (*See generally id.*)  Plaintiff alleges that Lao "left [him] with no other options available" for release on parole, (*id.* ¶ 5), describes Lao as an "Offender Rehabilitation Coordinator," (*id.* ¶¶ 6, 18), and claims that Lao "is in charge of preparing records and documents for parole hearings, appearances[,] and release plans" and "is personally responsible for submitting addresses to [Plaintiff's] parole field officers prior to his release date," (*id.* ¶ 18).  None of these alleged facts suggests that Lao was involved, either directly or in a supervisory or policymaking capacity, with Plaintiff's parole conditions.  Thus, Plaintiff's claims against Lao are dismissed.

The FAC makes similar allegations about Brooks's role in denying Plaintiff's release on parole.  (*See id.* ¶¶ 5, 6, 19.)  As with Lao, these allegations do not suggest any involvement with Plaintiff's parole conditions.  Plaintiff's Sur-Reply separately states that Brooks occupies a "[s]upervising position."  (Pl.'s Sur-Reply 2.)  It further states the following about Brooks: "Work in the capacity of Parole Officers with the authority to impose parole conditions and restrictions to potential parolees [sic]."  (*Id.*)  This claim is difficult to parse.  The Court concludes that it is not plausible that Brooks is Plaintiff's parole officer, because Plaintiff claims that non-party Lewis Robinson fills that role.  (Aug. Letter 5.)  Thus, the Court takes Plaintiff to allege that Brooks supervises parole officers.  However, "[a] supervisor does not become responsible for the actions of those under their command merely because of their supervisory role."  *Ruiz v. Westchester County*, No. 18-CV-7007, 2020 WL 4340788, at *4 (S.D.N.Y. July 28, 2020) (collecting cases); *see also Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The

bare fact that [Brooks] occupies a high position . . . is insufficient to sustain [Plaintiff's] claim."), *abrogated on other grounds by Tangreti*, 983 F.3d 609.  Plaintiff does not allege that Brooks participated directly in Plaintiff's parole conditions, failed to correct them, created a policy resulting in his parole conditions, was grossly negligent in supervising subordinates who created the parole conditions, or exhibited deliberate indifference.  Thus, even under the standard in *Grullon*, Plaintiff's claims against Brooks must be dismissed.

Plaintiff's parole conditions claims are dismissed without prejudice.  It is true that Plaintiff has now had "two bites at the apple."  *Melvin*, 2016 WL 1254394, at *24 n.19.  However, Plaintiff's first bite resulted in his claims being dismissed because they were not ripe. (2020 Op. 22–24.)  Thus, his parole conditions claims against Lao and Brooks have been evaluated only once on the merits.  Further, the Court cannot conclude at this juncture that further amendment would be "futile."  *Lastra*, 2012 WL 12876, at *9; *see Yunus v. Robinson*, No. 17-CV-5839, 2018 WL 3455408, at *33 (S.D.N.Y. June 29, 2018) ("Since defendants have offered nothing but plaintiff's status as a sex offender to justify the sweeping restrictions they have imposed on his access to cellphones, computers, social media, and the internet generally . . . plaintiff has plausibly alleged a violation of his First Amendment rights . . . .") (collecting cases), *report and recommendation adopted*, 2019 WL 168544 (S.D.N.Y. Jan. 11, 2019).

### III.  Conclusion

For the foregoing reasons, the Lao Motion and Brooks Motion are granted, except insofar as they seek to deny Plaintiff leave to submit a second amended complaint regarding his parole conditions claims.  If Plaintiff wishes to file a second amended complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Opinion & Order.  Plaintiff is advised that a second amended complaint

will replace the FAC and, therefore, must contain all of the alleged facts on which Plaintiff bases his claims, every count he wishes to litigate, and every defendant he wishes to include in this Action—including, if applicable, new defendants who might have been responsible for imposing his parole conditions.  Now that the case is focused on Plaintiff's parole conditions claims, the Court will not again repeat its search through multiple, disjointed submissions.  Nor will it offer Plaintiff a fourth opportunity to amend his pleading.

The Clerk of the Court is respectfully requested to terminate the pending Motions, (Dkt. Nos. 77, 90), and to mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

DATED:      March  9 , 2021
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

14