UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE I. VELAZQUEZ,

                        Plaintiff,

     v.

KATHLEEN G. GERBING, *et al.*,

                      Defendants.

No. 18-CV-8800 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

     On March 9, 2021, the Court issued an Opinion & Order dismissing Plaintiff's claims without prejudice and giving him 30 days to file an amended complaint. (Op. & Order (Dkt. No. 94).) On April 22, 2021, the Court issued an Order To Show Cause, directing Plaintiff to show cause by no later than May 24, 2021, as to why this case should not be dismissed for failure to prosecute. (Order To Show Cause (Dkt. No. 98).) This Order was returned as undeliverable. (*See* Dkt. (entry for May 19, 2021).) On May 27, 2021, the Court issued a second Order To Show Cause, directing Plaintiff to show cause by no later than June 28, 2021, as to why this case should not be dismissed for failure to prosecute. (Order To Show Cause (Dkt. No. 99).) This Order was also returned as undeliverable. (*See* Dkt. (entry for June 15, 2021).) Plaintiff has not communicated with the Court since submitting his Sur-Reply in opposition to Defendants' Motion To Dismiss, which was dated November 12, 2020. (Dkt. No. 93.)

     This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court

order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff has failed to reply to three separate orders spanning nearly four months. The Court has received no indication that its March 9, 2021 Opinion & Order was not delivered, and thus assumes that Plaintiff had notice of the 30-day deadline to submit his second amended complaint. (*See* Op. & Order.) After Plaintiff failed to meet this deadline, two consecutive Orders To Show Cause were returned as undeliverable. (*See* Dkt. Nos. 98, 99.) Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. Nos. 7, 83.) Plaintiff twice complied with this obligation, submitting written notice of a new address. (*See* Dkt. Nos. 72, 81.) As of the date of this Order, Plaintiff has not filed an amended complaint, shown good cause, or otherwise prosecuted this case since his submission dated November 12, 2020—nearly eight months ago. (Dkt. No. 93.)

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.")

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: July 7, 2021
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE